**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **GIORGI MEZVRISHVILI** | **CIVIL ACTION NO. 26-2352** |
| | **SECTION P** |
| **VS.** | **JUDGE ALEXANDER C. VAN HOOK** |
| **FACILITY ADMINISTRATOR RIVER CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Giorgi Mezvrishvili,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 12]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of the Republic of Georgia. [doc. # 1, p. 12]. "He illegally entered the United States on September 6, 2022, near San Luis, Arizona, and he was not admitted or inspected by an immigration officer." [doc. # 12, p. 2]. "Petitioner was paroled by ICE due to detention capacity and/or time in custody constraints at the Tucson Coordination Center in Tucson, Arizona." *Id.*

---

[1] Petitioner's "A Number" is 216-982-206.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

"Petitioner was subsequently encountered by Enforcement and Removal Operations (ERO) on February 20, 2026, and was taken into custody following a traffic stop." [doc. # 12, p. 2].

On April 10, 2026, an immigration judge ordered Petitioner removed to Georgia. [doc. # 12-1, p. 16]. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); his appeal is pending. *Id.* at 18. According to the Government's Automated Case Information System, the parties' deadline for filing briefs before the BIA is September 21, 2026.[3]

Petitioner filed this proceeding on approximately July 6, 2026. He claims that he is detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. [doc. # 1, p. 7]. He argues that Section 1226(a)—rather than Section 1225—applies because ICE arrested him in the interior of the United States while he was in the course of his daily work activities. *Id.*

Petitioner similarly claims that the Government is violating his right to due process by detaining him without affording him a bond hearing. [doc. # 1, p. 7]. He states that he "has been held over four months with no meaningful chance to show he is neither a danger nor a flight risk." *Id.* "He has no criminal history of any kind, and he is a self-employed, tax-paying, professionally licensed businessman with a fixed Brooklyn home and an incorporated business." *Id.*

Finally, Petitioner claims that because he is detained far from his home, he lacks access to "evidence that only he knows how to locate and collect—including personal documents, witness contacts, and records known to him alone." [doc. # 1, p. 16]. He states that he needs the evidence to pursue his asylum claim on appeal. *Id.*

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited September 10, 2026).

Respondents opposed the petition on August 10, 2026. [doc. # 12]. Petitioner replied on August 31, 2026. [doc. # 15].

**Law and Analysis**

**I. 8 U.S.C. § 1225 Versus 8 U.S.C. § 1226**

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing. The Court should dismiss his statutory claim accordingly.

**II. Due Process**

Petitioner claims that the Due Process Clause entitles him to a bond hearing.

In *Dzheison Ford v. Timothy Ducote, et al.*, 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court

> concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.
>
> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.").[4] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. On April 10, 2026, an immigration judge ordered Petitioner removed to Georgia. Petitioner appealed the removal order to the BIA; his appeal is pending. The parties' deadline for filing briefs before the BIA is September 21, 2026.

Petitioner's appeal will likely extend his detention until the BIA decides his appeal. Petitioner's detention will likely end (i) when his order of removal becomes final (if the BIA affirms the order of removal or dismisses Petitioner's appeal) and the Government removes him or (ii) if the BIA rules in Petitioner's favor. Accordingly, the Court should deny Petitioner's claim. Petitioner may re-file his claim if his detention becomes indefinite or potentially permanent.

---

[4] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

**III. Harm from Detention**

Petitioner claims that because he remains detained he is unable to "gather evidence for his asylum claim[.]" [doc. # 1, p. 8]. He purportedly lacks access to "personal documents, witness statements, and other evidence his asylum claim requires, and [he] cannot direct others to materials only he can identify." *Id.*

The undersigned highlights the conclusory nature of Petitioner's claim: he does not specify the evidence he lacks or how lacking the evidence has or will prejudice his asylum claim on appeal. *See Abiodun v. Gonzales*, 217 F. App'x 738, 742 (10th Cir. 2007) (opining, where an alien petitioner claimed that the Government transferred him to a location where he lacked legal materials, that he did not "satisfy the actual injury component of constitutional standing to bring this claim."). Further, Petitioner should present this claim to the Board of Immigration Appeals rather than to this Court, which lacks jurisdiction to adjudicate his asylum claim.

Petitioner also states that his continued detention is causing him irreparable harm because he cannot operate his "New York courier company." [doc. # 1, p. 8]. He states that he is losing clients, contracts, and goodwill he built over years. *Id.*

Petitioner, however, does not appear to state a claim concerning the lawfulness (or illegality) of his detention; rather he seems to only describe the injuries or harm he is suffering from detention.

The Court should dismiss these ostensible claims accordingly.

## Recommendation

For reasons above, **IT IS RECOMMENDED** that Petitioner Giorgi Mezvrishvili's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 11th day of September, 2026.

Kayla Dye McClusky
United States Magistrate Judge